552 F.2d 872
 A. N. DECKER, Appellant,
v.
NORTH IDAHO COLLEGE, Barry G. Schuler, President of North
Idaho College, the Board of Trustees of North Idaho College,
E. A. Seiter, Chairman of the Board of Trustees of North
Idaho College, and Dr. Lynn C. Fredrickson, Josephine Webb,
Jay Couch and Dr. James R. Barton, Individually and as
Members of the Board of Trustees of North Idaho College, Appellees.
 No. 74-3257.
 United States Court of Appeals,
Ninth Circuit.
 April 20, 1977.
 
 Byron J. Johnson, Webb, Johnson, Tway, Redford & Greener, Boise, Idaho, Robert H. Chanin, Washington, D. C., argued for appellant.
 W. W. Nixon, J. T. Knudson, Coeur d'Alene, Idaho, argued, for appellees.
 Appeal from the United States District Court, District of Idaho.
 Before BROWNING and KILKENNY, Circuit Judges, and VAN PELT, District Judge.*
 KILKENNY, Circuit Judge:
 
 BACKGROUND
 
 1
 In May, 1972, A. N. Decker (appellant) was dismissed without a hearing from North Idaho College (College) where he had been employed as an instructor since 1966.[1] Because this dismissal was not accompanied by a hearing, the appellant brought suit in the district court and claimed that his due process rights under the 14th Amendment had been violated. The district court agreed: it found that the appellant had a "property interest" in his job and that the college's failure to provide him with a hearing prior to dismissal was a violation of the procedural due process requirements enunciated in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and their progeny.
 
 
 2
 The appellant claims that the only way for the district court to remedy this violation was to reinstate him with an award of full back pay. Though the district court disagreed with the quantum of the relief, it, nevertheless, awarded damages to appellant.[2] This appeal followed. We affirm.ISSUES
 
 
 3
 I. Did the district court err in deciding the merits of the dispute, rather than remanding for a hearing before the College Board?
 
 
 4
 II. Did the district court err in finding individual liability on the part of the College president and the individual members of the Board of Trustees?
 
 I.
 
 5
 The district court found that the appellant had "tenure" in his job even though the College had no formal tenure policies. This de facto tenure, it reasoned, was a sufficient "property interest" to qualify for procedural due process protection. See Perry v. Sindermann, supra. When the district court found that appellant was not accorded one of these protections here, a pretermination hearing it decided the merits of the case and awarded relief.
 
 
 6
 While this action may not be proper under all circumstances, our examination of the record convinces us that the parties here consented to allow the district court to act as a substitute for the Board of Trustees of the College. The district court trial more than adequately compensated for the fact that the appellant did not receive a pretermination hearing; he there was accorded the complete panoply of procedural rights. Bignall v. North Idaho College, 538 F.2d 243, 248 (CA9 1976).
 
 
 7
 In view of this, we hold that the district court made up for the due process violation by considering the merits of the case and by mandating certain relief; we find adequate support in Bignall, supra, where the court found that the procedural due process violation there present was cured by a de novo evidentiary trial in the district court. Here, essentially the same procedure was followed and Bignall is squarely in point. The fact that the pre-trial order in Bignall specifically noted that the College's compliance with its own policies was an issue of fact for the trial court is not controlling. Here, as we previously mentioned, the parties without objection conducted a full fledged trial before the district court. The College's compliance with its own informal tenure policies was one of the issues involved. Indeed, the district court's award of relief had to be predicated upon a finding not only that the appellant had a de facto tenure, but also that his rights thereunder were inadequately protected by the College. The fact that the teacher in Bignall withdrew from the hearing, whereas the appellant here never received a hearing, is of no consequence. In each instance, the hearing was constitutionally infirm.
 
 
 8
 As to the appropriate remedy, we find no significant distinction between the case before us and Burton v. Cascade School District Union High School, No. 5, 512 F.2d 850 (CA9 1975), cert. denied, 423 U.S. 839, 96 S.Ct. 69, 46 L.Ed. 59. True enough, there is some language in Burton which would support an order of reinstatement. However, the main thrust of the decision is that a district judge, in circumstances such as these, has a broad equitable discretion in fashioning a remedy. It notes that the "extraordinary equitable remedy" of reinstatement is commonly imposed in only two factual situations: (1) those involving racial discrimination, and (2) those where the dismissal was in reprisal for the exercise of First Amendment rights. Obviously, neither of these situations is here present. For this reason, inter alia, our recent decision in Wagle v. Murray, 546 F.2d 1329 (CA9 1976), has little, if any, application. The facts there fall within the second common factual situation above. Moreover, in addition to the obvious factual differences there, the Washington statutes considered in Wagle have no counterparts in the state of Idaho. Indeed, Idaho had no statute or law which required the College to even hold a hearing.
 
 
 9
 Burton emphasizes that the trial judge in his inquiry may balance all of the facts and circumstances, including an analysis of the deterrent effect that mere monetary damages would have on the school board's propensity to engage in similar unconstitutional action. Here, there is little question but that the monetary damages awarded by the district judge are adequate for that purpose. Inasmuch as Roth and Sindermann had not been decided at the time of appellees' action, there was no way the Members of the Board could have known that they were required to give appellant a hearing. We cannot hold them to predicting the future course of constitutional law. Reinstatement would serve no salutary purpose under these circumstances.
 
 
 10
 Here, as in Mims v. Board of Education, 523 F.2d 711 (CA7 1975), the controversy between the parties has been raging for approximately five years. In these circumstances, it would be stretching the limits of equity to order the extraordinary remedy of reinstatement by way of injunctive relief with compensation to the date of a future hearing.[3]
 
 
 11
 True enough, the measure of damage here adopted by the trial court does not correspond to the measure outlined in Wagle, supra. We think, nevertheless, that the lower court award should be upheld. The broad equitable powers referred to in Burton certainly justified this action of the trial judge. Particularly is this true in view of the lack of any formal policy on tenure at the College. At that time, the court had no guidelines other than to do equity. The measure defined in Wagle was not clearly announced until some years later. We find no abuse of discretion.
 
 II.
 
 12
 Although the question of the individual liability of the Directors and Trustees of the College was not specifically presented on appeal, we raise the question on our own motion and hold that under the authority of Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); Mims, supra, and Hutchison v. Lake Oswego School Dist. No. 7, 519 F.2d 961, 968 (CA9 1975), vacated on other grounds, --- U.S. ----, 97 S.Ct. 731, 50 L.Ed.2d 748 (1977), the personal judgments entered against the individuals are erroneous. The district court specifically noted that there was a total absence of any evidence of bad faith on the part of the individual defendants.
 
 
 13
 In this type of case, a compensatory award against the school officials would be appropriate only if they acted with such an impermissible motivation, or with such disregard of the person's clearly established constitutional rights that their action could not reasonably be characterized as being in good faith. Wood, 420 U.S. pp. 313-322, 95 S.Ct. 992.
 
 
 14
 The judgment of the district court is affirmed as to the College; as to the individual defendants it is reversed.
 
 BROWNING, Chief Judge, dissenting:
 
 15
 The district court found appellees violated appellant's due process rights by denying him a pretermination hearing. See Board of Education v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The appropriate remedy for such a violation is reinstatement with back pay. Skehan v. Board of Trustees, 501 F.2d 31, 40 (3d Cir. 1974), vacated on other grounds, 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474 (1975), opinion on remand, 538 F.2d 53, 63 (3d Cir. 1976); Wellner v. Minnesota State Junior College Board, 487 F.2d 153, 157 (8th Cir. 1973); see Vitarelli v. Seaton, 359 U.S. 535, 545, 546, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); Greene v. United States, 376 U.S. 149, 161-62, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964); cf. Mt. Healthy City School District v. Doyle, --- U.S. ----, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977); Wagle v. Murray, 546 F.2d 1329, 1336 (9th Cir. 1976). This remedy is particularly appropriate here because appellant was tenured and tenure was granted with full knowledge of two of the three conditions subsequently given as reasons for nonretention.
 
 
 
 *
 The Honorable Robert Van Pelt, Senior United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 Three reasons were given for the decision not to renew his contract: (1) he was teaching outside of his major field of study; (2) he did not have a Master's Degree in the fields in which he was teaching (although he was paid as if he had such a degree); and (3) he had a communication problem with his students in his lecturing
 
 
 [2]
 On the basis of the evidence before him, the district judge noted that he could not conclude that the reasons given for the appellant's dismissal were inadequate under the College's rules. He concluded from this that the appellant failed in his burden of proof and that reinstatement was unwarranted. He found that the appellant was deprived of employment for only the following school year and awarded damages accordingly
 
 
 [3]
 The district judge also recognized this when he declined to order a College hearing more than two years (at that time) after the appellant's dismissal